08-6274-ag
Li v. Holder

BIA
Weisel, IJ
A093-397-439

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> > <u>Circuit Judges</u>.

_____

HAN LI,
> <u>Petitioner</u>,

> v.                                           08-6274-ag
>                                              NAC

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,[1]
> <u>Respondent</u>.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney Michael B. Mukasey as the respondent in this case.

**FOR PETITIONER:** Fuhao Yang, New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Susan Houser, Senior Litigation Counsel; Marion E. Guyton, Trial Attorney United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Han Li, a native and citizen of the People's Republic of China, seeks review of a December 1, 2008 order of the BIA affirming the September 5, 2007 decision of Immigration Judge ("IJ") Robert Weisel denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Han Li, No. A 093 397 439 (B.I.A. Dec. 1, 2008), aff'g No. A 093 397 439 (Immig. Ct. N.Y. City Sept. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the

2

BIA's opinions for the sake of completeness.  Zaman v. Mukasey, 514 F.3d 233, 236 (2d Cir. 2008).  We review the agency's factual findings under the substantial evidence standard.  8 U.S.C. § 1252(b)(4)(B); see also Manzur v. U.S. Dep't of Homeland Sec., 494 F.3d 281, 289 (2d Cir. 2007).  We review de novo questions of law and the application of law to undisputed fact.  Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

**I.   Family Planning Claim**

Li argues that the agency erred in concluding that she failed to demonstrate her eligibility for asylum, withholding of removal, and CAT relief based on the birth of her children in this country.  However, this argument fails where we have previously reviewed the agency's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish an objectively reasonable fear of persecution.  See Jian Hui Shao v. Mukasey, 546 F.3d 138, 156-65 (2d Cir. 2008).  Although Li submitted evidence showing that her father and a neighbor were sterilized more than ten years ago, she did not present evidence indicating that individuals similarly situated to her – those with U.S.-born children – are

3

currently subject to persecution for violating the family planning policy. See id. at 160.

**II.  Falun Gong Claim**

Li also argues that the agency erred by failing to find that she demonstrated a well-founded fear of persecution based on her practice of Falun Gong.  In support of that claim, she argues that the documentary evidence indicates that China has banned the practice of Falun Gong and has arrested and detained Falun Gong practitioners.  Li correctly notes that the record indicates that Falun Gong practitioners have been arrested, detained, and subject to severe mistreatment.  Thus, the BIA's observation that Li is not an activist, teacher, or leader in the Falun Gong movement is likely an insufficient basis upon which to conclude that her fear is not well-founded.  However, even if we were to find that the agency erred in that respect, remand is not required because the agency offered a valid alternative basis for its denial of relief.  See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 335 (2d Cir. 2006).  The BIA reasonably found that Li did not establish that her practice was likely to come to the attention of Chinese authorities.  As we have held, "to establish a

4

well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."  See Hongsheng Leng v. Mukasey, 528 F.3d 135, 143 (2d Cir. 2008); see also Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best").  Here, the BIA did not err in concluding that Li, who only began her practice of Falun Gong after entering this country, did not show that Chinese authorities were likely to become aware of her activities. See Hongsheng Leng, 528 F.3d at 143.

Because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief where all three claims bore the same factual predicate.  See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir. 2006) (holding that torture is "something more severe than the kind of treatment that would suffice to prove persecution").

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk